UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN PAUL MARIO,

    Plaintiff,

v.	CASE NO: 8:06-cv-131-T-23TGW

CENTEX HOMES,

    Defendant.
_____/

**ORDER**

John Paul Mario ("Mario") sues Centex Homes ("Centex") for breach of contract and unjust enrichment (Doc. 2). Mario attaches to the complaint a copy of the "New Community Development Model Merchandising Compensation Agreement" ("the agreement"), which forms the basis for Mario's claims against Centex. Acknowledging the agreement and conceding its validity, Centex moves to dismiss the complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Doc. 3).

Neither party disputes the existence of the agreement, which forms the crucial basis for Mario's breach of contract claim. The existence of a contract precludes an action for unjust enrichment. Williams v. Bear Stearns & Co., 725 So. 2d 397, 400 (Fla. 5th DCA 1998) (holding that a claim for unjust enrichment fails upon a showing that an express contract exists); Poe v. Estate of Levy, 411 So. 2d 253, 256 (Fla. 4th DCA 1982) (holding that an allegation of an express agreement necessarily precludes a claim for quantum meruit). No action exists for unjust enrichment if the plaintiff has an

adequate remedy for breach of contract.  <u>Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp., ITT</u>, 139 F.3d 1396, 1413 (11th Cir. 1998) ("Recovery on a theory of unjust enrichment however, is only available 'when as a matter of fact there is no legal contract.'"); <u>Tobin & Tobin Ins. Agency, Inc. v. Zeskind</u>, 315 So. 2d 518, 520 (Fla. 3rd DCA 1975).  Further, "Mario agrees that, in the event the Court finds that an agreement exists, the unjust enrichment claim will fail" (Doc. 6 at 6).  Accordingly, Mario's claim for unjust enrichment (Count II) fails to state a claim upon which relief may be granted.

Mario's remaining claim (Count I) seeks only $22,464.00 in damages for breach of contract, which fails to satisfy the jurisdictional amount required by 28 U.S.C. § 1332(a).  Pursuant to 28 U.S.C. § 1447(c), a district court must remand a case upon discovering that no subject matter jurisdiction exists.  Whenever evaluated, a district court's jurisdiction is governed by the facts and circumstances of the case at the time of removal.  <u>Freeport-McMoRan, Inc. v. KN Energy, Inc.</u>, 498 U.S. 426, 428 (1991).  Events subsequent to removal that reduce the amount in controversy below the statutory minimum do not "oust the district court's jurisdiction."  <u>Poore v. American-Amiable Life Insurance Company of Texas</u>, 218 F.3d 1287, 1289 (11th Cir. 2000).  However, a "'distinction must be made . . . between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was [never] in controversy at the commencement of the action.'"  <u>State Farm Mutual Automobile Ins. Co. v. Powell</u>, 87 F.3d 93, 96-97 (3d Cir. 1996)(quoting <u>Jones v. Knox Exploration Corp.</u>, 2 F.3d 181, 183 (6th Cir. 1993)).

Because the existence of a contract precludes an action for unjust enrichment, Mario's unjust enrichment claim was fatally deficient when Mario filed the complaint in state court. Williams v. Bear Stearns & Co., 725 So. 2d 397, 400 (Fla. 5th DCA 1998). Recognizing this fatal deficiency, Centex nevertheless removed this action to federal court while simultaneously moving to dismiss the complaint (Docs. 1, 3).  A federal court enjoys limited jurisdiction and "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  Because Mario's claim for unjust enrichment is deficient on its face, Centex improperly removed the complaint, which otherwise fails to allege a jurisdictionally sufficient amount in controversy.

Accordingly, this case lacks subject matter jurisdiction and is **REMANDED** pursuant to 28 U.S.C. § 1447(c).  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Sarasota County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on March 7, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE